**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DAVID SAYRE** <br> 8114 Russell Lane <br> Cleveland, Ohio 44144 <br><br> Plaintiff, <br><br> vs. <br><br> **WEST SIDE METALS CORP.** <br> c/o Lawrence Musarra <br> 16800 South Waterloo Road <br> Cleveland, Ohio 44110 <br><br> Defendant. | CASE NO. <br><br> JUDGE <br><br><br><br> **COMPLAINT** <br><br> **JURY DEMAND ENDORSED HEREON** |

Plaintiff, David Sayre, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges the following against Defendant West Side Metals Corp.

## INTRODUCTION

1. This case challenges the policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

2. This case also challenges the policies and practices of Defendant that violated the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Act"), Ohio Rev. Code. Ann. § 4111.03 and Ohio Revised Code 4113.15 (the "Ohio Prompt Pay Act").

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b).

4. This Court has supplement jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

## PARTIES

6. David Sayre is an adult individual residing in Cuyahoga County, Ohio.

7. At all times relevant, Plaintiff worked for Defendant as an hourly, non-exempt employee in Cleveland, Ohio.

8. Defendant West Side Metals Corp. is a privately held, for-profit corporation doing business in Ohio with its principal place of business located in Cleveland, Ohio (Cuyahoga County). Defendant can be served through its statutory agent, Lawrence Musarra, 16800 South Waterloo Road. Cleveland, Ohio 44110.

9. Based upon information and belief, Defendant's gross revenue was in excess of $500,000 per annum during all times material to this complaint.

10. During all times material to this Complaint, Defendant was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

11. During all times material to this complaint, Defendant was an "employer" within the meaning of the Ohio Wage Act and the Ohio Prompt Pay Act.

12. During all times material to this complaint, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, the Ohio Wage Act and the Ohio Prompt Pay Act.

## FACTUAL ALLEGATIONS

13. At all times material to this complaint, Plaintiff was employed by Defendant as an hourly, non-exempt employee.

14. Plaintiff was regularly scheduled to work from 7:00 a.m. to 5:00 p.m. six to seven days per week. Thus, Plaintiff frequently worked more than 40 hours per workweek, entitling him to overtime compensation under the FLSA and the Ohio Wage Act.

15. Even though Plaintiff was required to begin work at 7:00 a.m., he was not paid until 7:30 a.m.

16. From 7:00 a.m. to 7:30 a.m., Plaintiff would complete tasks necessary to open the scrap yard, such as clearing the gates, checking the machines to ensure they had enough oil, and cleaning up the scrap yard.

17. Defendant knew that Plaintiff was performing these necessary tasks during the period of 7:00 a.m. – 7:30 a.m. But, Defendant did not pay Plaintiff for this time. Instead, Defendant paid Plaintiff starting at 7:30 a.m.

18. Therefore, Plaintiff was not paid an overtime premium for all hours worked in excess of forty (40) in a workweek.

19. Further, Plaintiff was not paid all of these wages within thirty (30) days of his regularly scheduled payday.

## COUNT ONE
### (FLSA Violation)

20. Plaintiff repeats the foregoing allegations and incorporates them herein by reference.

21. Defendant is an employer covered by the overtime requirements set forth in the FLSA.

22. Defendant violated the FLSA by failing to pay Plaintiff all overtime compensation owed to Plaintiff.

23. The FLSA requires Defendant to pay overtime compensation to its hourly employees, including Plaintiff, at one and one-half times his "regular rate" for all hours worked in excess of forty (40) in a workweek.

24. Defendant did not pay Plaintiff at the required rate of one and one-half times his "regular rate" for all hours worked in excess of forty (40) in a workweek.

25. Defendant's violations of the FLSA overtime provisions injured Plaintiff in that he did not receive all overtime compensation due him.

26. Throughout Plaintiff's employment, Defendant has known that Plaintiff is not exempt from the wage and overtime obligations imposed by the FLSA. Defendant has known that it is required to pay Plaintiff for all hours worked. In spite of such knowledge, Defendant has willfully withheld and failed to pay the wages and overtime compensation to which Plaintiff is entitled.

27. Because the Defendant's failure to pay such wages was willful pursuant to 28 U.S.C. § 255(a), Plaintiff is entitled to these wages dating back three years. Plaintiff should have been paid overtime compensation at the rate of one and one-half times his "regular rate" for all hours worked in excess of forty hours per workweek.

28. The exact amount of compensation, including overtime compensation that Defendant has failed to pay the Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant, or were not kept by Defendant.

29. Defendant's failure to pay Plaintiff compensation for all hours worked is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of

FLSA. Pursuant to 20 U.S.C. § 216(b), Plaintiff is therefore entitled to liquidated damages in an amount equal to the compensation and/or overtime which he has not been paid.

30. Plaintiff has been required to file this action as the result of Defendant's actions in failing to pay Plaintiff. As such, Plaintiff is entitled to attorney fees and costs incurred pursuant to 28 U.S.C. § 216 (b).

## COUNT TWO
### (Ohio Wage Act Violation)

31. Plaintiff incorporates by reference the foregoing allegations as if fully written herein.

32. Plaintiff brings this claim for violations of the Ohio Wage Act, Ohio Rev. Code Ann. § 4111.03.

33. Defendant violated the Ohio Wage Act, Ohio Rev. Code Ann. § 4111.03, by failing to pay Plaintiff all overtime compensation owed to Plaintiff.

34. The Ohio Wage Act requires Defendant to pay overtime compensation to its hourly employees, including Plaintiff, at one and one-half times his "regular rate" for all hours worked in excess of forty (40) in a workweek.

35. Defendant did not pay Plaintiff at the required rate of one and one-half times his "regular rate" for all hours worked in excess of forty (40) in a workweek.

36. Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff in that he did not receive all overtime compensation due him.

37. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

5

## COUNT THREE
### (Violation of Ohio Revised Code § 4113.15)

38. Plaintiff incorporates by reference the foregoing allegations as if fully written herein.

39. At all times material to this complaint, Defendant was Plaintiff's employer for purposes of overtime compensation owed and Ohio Revised Code § 4113.15.

40. Defendant violated Ohio Revised Code 4113.15 by failing to pay all overtime compensation to Plaintiff within thirty (30) days of his regularly scheduled payday.

41. Ohio Rev. Code Ann. § 4113.15 provides that Defendant, having violated § 4113.15, is "liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Award him his unpaid overtime;

B. Liquidated damages;

C. Litigation costs, expenses and attorneys' fees; and

D. Such other relief as this Court deems just and proper.

Respectfully submitted,

Nilges Draher, LLC

*/s/ Michaela M. Calhoun*
Michaela M. Calhoun (0093546)
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: mcalhoun@ohlaborlaw.com
sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

*/s/ Michaela M. Calhoun*
Michaela M. Calhoun